Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL THOMPSON and DEBRA THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> PERFORMANT RECOVERY, INC., f/k/a DIVERSIFIED COLLECTION SERVICES, INC., <br><br> Defendant. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; <br> 2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ. <br> 3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

RACHEL THOMPSON and DEBRA THOMPSON ("Plaintiffs"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PERFORMANT RECOVERY, INC. f/k/a DIVERSIFIED COLLECTION SERVICES, INC. ("Defendant"):

- 1 -

PLAINTIFFS' COMPLAINT

## INTRODUCTION

1.  Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

5.  Plaintiffs are each a natural person residing in Aventura, Florida.

6.  Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7.  Defendant is a corporation specializing in debt collection with a

business address located at 333 N. Canyons Parkway, Suite 100, Livermore, California, 94551.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiffs as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. Defendant was attempting to collect an amount allegedly due for a defaulted student loan.

12. The debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

13. Throughout January 2013, Defendant's collectors, including Tiffany Carter, placed repeated harassing debt collection calls to Plaintiff Rachel Thompson's cellular telephone number and Plaintiff Debra Thompson's work telephone number.

14. During this time, Plaintiffs received one to four calls daily from

Defendant and as many as ten calls per week.

15. Plaintiff Debra Thompson repeatedly told Defendant that she could not receive personal calls at work.

16. Despite this indication, Defendant continued to call Plaintiff Debra Thompson at work.

17. During one call to Plaintiff Debra Thompson's place of employment, Defendant's collector disclosed that Plaintiffs owed a debt to a secretary and had Plaintiff Debra Thompson pulled from a meeting she was in to speak with Defendant about the debt.

18. Further, during calls with the Plaintiffs, Defendant's collectors have threatened to take legal action and garnish Plaintiff Debra Thompson's wages.

19. Upon information and belief, Defendant did not intend to take legal action against the Plaintiffs or garnish Plaintiff Debra Thompson's wages.

20. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

22. Section 1692d(5) of the FDCPA prohibits debt collectors from

causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiff Debra Thompson even after she told Defendant she could not receive calls at work, and when it engaged in other harassing or abusive conduct.

## COUNT II
### DEFENDANT VIOLATED §§1692e, 1692e(4), 1692e(5), AND 1692E(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

25. Section 1692e(4) of the FDCPA prohibits the representation or implication that nonpayment of any debt will result in the garnishment of any property or wages unless such action is lawful and the collector intends to take such action.

26. Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an action that cannot legally be taken or which is not intended to be taken.

27. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

28.     Defendant violated §§ 1692e, 1692e(4), 1692e(5), and 1692e(10) of the FDCPA when it threatened to sue Plaintiffs' and threatened to garnish Plaintiff Debra Thompson's wages without the intent to do so, and when it made other false, deceptive or misleading representations.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

30.     Defendant violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiff Debra Thompson even after she told Defendant she could not receive calls at work, when it threatened Plaintiffs with a lawsuit and garnishment of Plaintiff Debra Thompson's income, and when it engaged in other unfair and unconscionable conduct.

**COUNT IV**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31.     Section 1692c(b) of the FDCPA prohibits a debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to

effectuate a postjudgment judicial remedy, to communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

32. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff Debra Thompson's secretary and disclosed she owed a debt.

## COUNT V
## DEFENDANT VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692b(2) of the FDCPA prohibits a debt collector from stating that a consumer owes a debt when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

34. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff Debra Thompson's secretary and disclosed she owed a debt.

## COUNT V
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such

communication.

36. Defendant violated § 1692c(a)(3) of the FDCPA when it called Plaintiff Debra Thompson at her place of employment with knowledge she could not receive calls there.

**COUNT VI**
**DEFENDANT VIOLATED THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37. In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiffs, RACHEL THOMPSON and DEBRA THOMPSON, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, RACHEL THOMPSON and DEBRA THOMPSON, demand a jury trial in this case.

            RESPECTFULLY SUBMITTED,

DATED: December 30, 2013   KIMMEL & SILVERMAN, P.C.

           By: /s/ Amy L. Bennecoff
            Amy L. Bennecoff (275805)
            30 East Butler Pike
            Ambler, PA 19002
            Telephone: (215) 540-8888
            Facsimile (215) 540-8817
            Email: abennecoff@creditlaw.com
            Attorney for Plaintiff